**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1332**

JEFFREY JORDAN,

        Plaintiff - Appellant,

    v.

SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION,

        Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:17-cv-00096-MGL)

Submitted:  February 27, 2020           Decided:  March 10, 2020

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bryn C. Sarvis, SARVIS LAW, LLC, Gilbert, South Carolina, for Appellant.  Lake E. Summers, MALONE, THOMPSON, SUMMERS & OTT LLC, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Jordan appeals the district court's order accepting the report and recommendation of the magistrate judge and granting the South Carolina Department of Transportation's motion for summary judgment on Jordan's claim of retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2018). He also argues that the district court abused its discretion by excluding certain evidence on which he sought to rely. We affirm.

We review the district court's discovery and evidentiary rulings for abuse of discretion, and such rulings are subject to harmless error review. *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 189 (4th Cir. 2017); *see* Fed. R. Civ. P. 61. In addition, "[w]e review a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted).

Title VII proscribes employment practices that discriminate against an employee on the basis of race. *Strothers v. City of Laurel*, 895 F.3d 317, 326-27 (4th Cir. 2018).

2

In addition to forbidding discrimination based on race, Title VII prohibits an employer from retaliating against a worker for either participating in a Title VII proceeding or opposing an employer's discriminatory practices. To establish a prima facie claim of retaliation, a plaintiff must show: (1) that he engaged in protected activity, (2) that the employer took a materially adverse action against him and (3) there is a causal connection between the protected activity and the adverse action.

*Perkins v. Int'l Paper Co.*, 936 F.3d 196, 213 (4th Cir. 2019) (citations and internal quotation marks omitted). "Regarding the requirement of a material adverse action, . . . a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (internal quotation marks omitted); *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (distinguishing material adversity from "trivial harms"). "[T]o establish the necessary causation for a retaliation claim, the employer must have taken the adverse employment action because the plaintiff engaged in a protected activity." *Perkins*, 936 F.3d at 214 (internal quotation marks omitted).

If the plaintiff establishes a prima facie case of retaliation, then the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory justification for its action. *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223 (4th Cir. 2019). If the employer satisfies this burden, then the plaintiff must prove by a preponderance of the evidence that the employer's purportedly neutral reasons were a pretext for discrimination or retaliation. *Id.*

We have thoroughly reviewed the record and conclude that the district court did not err in concluding that Jordan failed to demonstrate that his employer's nondiscriminatory

3

reasons for the actions taken were a pretext for retaliation.  Regarding the evidence that the district court declined to consider, we conclude that any error in declining to consider that evidence would be harmless.  *See* Fed. R. Civ. P. 61

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*